Blackeobd, J.
— This was a bill in chancery filed for the purpose of setting aside a will as having been obtained by fraud, &c. One of the defendants answered, and denied the allegations of fraud, &c., in the will. The Court ordered a trial at law upon the issue, whether or not the will was valid. The complainants applied to the Court for an order, that they should have leave to examine two of the defendants as witnesses, on the trial of the issue at law, subject to all just and legal exceptions; but the Court refused to make the order. The issue was tried by a jury, the examination of the said two defendants as witnesses refused on the trial, and a verdict found in favour of the' validity of the will. The Court, after-wards, dismissed the bill.
The Court committed an error, in refusing to grant the order for leave to the complainants to examine two of the defendants *235 as witnesses, saving jnst exceptions. It is true, the usual practice, in applying for the order, is to suggest in the petition that the party to be examined is not interested ; and it does not appear that any such suggestion was made in this case. But it has been held, that it is not essential in obtaining the order that such suggestion should be made; because the question whether the party is a competent witness or not, must be raised at the hearing of the cause; Lee v. Atkinson, 2 Cox, 413; and no objection to his evidence is waived, except that which arises from his being a party to the record. Without the order, the defendants could not be examined; Wheeler v. Emmerson, 2 Blackf., 293; and as it was an order of course, the refusal to grant it is error.
■J. Collins and J. W. Payne, for the appellants.
PI. P. Thornton and G. G. Dunn, for the appellees.
*Per Curiam.—The decree is reversed with costs. Cause remanded, &c.